```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DAVID RICHMOND,  No. 20-cv-1079 (NLH) (SAK)

      Plaintiff,

                                OPINION

    v.

SOUTHWOODS STATE PRISON, et al.,

      Defendants.

APPEARANCES:

David Richmond
891862C
CRAF
P.O. Box 7450
Trenton, NJ 08628

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff David Richmond filed a complaint under 42 U.S.C. § 1983 against unnamed officers and medical staff at South Woods State Prison ("SWSP").  ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will permit the complaint to proceed in part.  Plaintiff must provide the Court

with the names of the relevant corrections officers before the Marshals can serve the complaint.

I.  BACKGROUND

Plaintiff alleges that he has a medical order for a bottom bunk assignment because he has seizures. ECF No. 1 at 6. He asserts the medical staff failed to inform the officers about the seizures. Id. He asserts he told the officers about the bottom-bunk requirement, but the officers did not check the computer containing the order before assigning Plaintiff to the top bunk. Id. at 5. Plaintiff later fell from the top bunk during a seizure and injured his neck, back, and head. Id. at 6.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges the officers and medical staff were deliberately indifferent to his medical condition. He alleges that the officers did not comply with the bottom bunk order even after Plaintiff informed them of the order. ECF No. 1 at 5.

The Court will dismiss SWSP from this action. To state a claim under § 1983, a plaintiff must claim (1) that the challenged conduct was committed by a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. It is well-established that state prisons are not "persons" subject to liability under § 1983. See Williams v. Southwoods State Prison, No. 07-2337, 2007 WL

3

1752088, at *4 (D.N.J. June 13, 2007) (citing Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)).  Therefore, the Court will dismiss SWSP with prejudice.

Accepting Plaintiff's allegations as true and giving him the benefit of all reasonable inferences, Plaintiff has stated a claim of deliberate indifference against the officers. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Plaintiff asserts that he told the officers of the requirement to place him in a bottom bunk, but they failed to verify that information and required him to sleep in the top bunk.  ECF No. 1 at 5.  A reasonable factfinder could conclude this shows the officers disregarded a known risk to Plaintiff's safety.

Plaintiff has not stated a claim of deliberate indifference against the medical personnel, however.  He alleges that medical department failed to inform the housing officers of Plaintiff's bottom-bunk requirement, but he states that information was available in the computer system used by SWSP to track that information.  ECF No. 1 at 6.  This indicates the information was logged in an appropriate manner.  At best, Plaintiff's assertion that the medical staff did not take the extra step of personally informing the corrections officers is negligent, but

4

that is not enough to state a claim of deliberate indifference. Nor does his assertion that he saw "a LPN that didn't do nothing but release me right back into harm[']s way" meet the deliberate indifference standard.  There are no facts indicating when this visit occurred or what happened at that visit.  "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not enough to state a claim under Rule 8.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court will dismiss the medical staff without prejudice, meaning Plaintiff may move to amend his claims against them if he can provide sufficient factual allegations. Fed. R. Civ. P. 15.

The Court will permit the claims against the John Doe Corrections Officers to proceed, but the U.S. Marshals cannot serve John Doe defendants.  Plaintiff must be able to identify defendants before the Marshals can serve the complaint.  If Plaintiff cannot provide the Court with the name of the officers from SWSP, "an appropriate method for the plaintiff to seek the identity of the John Doe defendants is through the use of a subpoena directed to officials" at SWSP.  Gerber v. Various Other Prison Officials, No. 1:06CV01358, 2007 WL 1847582, at *2 (M.D. Pa. May 10, 2007) (report and recommendation adopted June 25, 2007).  Subpoenas are governed by Federal Rule of Civil Procedure 45.

Finally, Plaintiff requests the appointment of pro bono counsel.  ECF No. 12.  There is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), but pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In deciding whether counsel should be appointed, the Court considers the factors set forth in Tabron.  Plaintiff's request fails to address these factors.  The Court will deny the request without prejudice and will instruct the Clerk to send Plaintiff the form used to request the appointment of counsel.  He may then reapply for the appointment of counsel.

## IV. CONCLUSION

For the reasons stated above, the Complaint may proceed against the John Doe Corrections Officers.  SWSP will be dismissed with prejudice, and the SWSP medical staff will be dismissed without prejudice.  The request for counsel will be denied without prejudice.

An appropriate order follows.

Dated: September 21, 2021           s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.